FILED
2017 Sep-15  AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| OPHA D. THOMPSON, | Case No. |
| Plaintiff, | |
| v. | REMOVED FROM THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA, CASE NO. 41-CV-2017-900279.00 |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Prudential Insurance Company of America, ("Prudential"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Circuit Court of Lauderdale County, State of Alabama, Case No. 41-CV-2017-900279.00.

As grounds for removal of this matter, Defendant states as follows:

1.      On August 16, 2017, Plaintiff Opha D. Thompson ("Plaintiff") filed her Complaint in the Circuit Court of Lauderdale County, State of Alabama, titled *Opha D. Thompson v. The Prudential Insurance Company of America*, Case No. 41-CV-2017-900279.00.

2.      Prudential was served by mail on or about August 18, 2017. A copy of all "summons, pleadings and orders" served upon Prudential in the state court

action, is attached as Exhibit A. *See* 28 U.S.C. § 1446(a). Because Prudential has

filed this Notice of Removal within thirty days of service, this Notice of Removal

is timely. *See* 28 U.S.C. § 1446(b).

3.     The gravamen of Plaintiff's complaint is that "Prudential has

wrongfully terminated the Plaintiff's long-term disability benefits . . . ." (*See*

Compl. ¶ 17). The applicable disability benefit was provided pursuant to a plan that

is governed by the Employee Retirement Income Security Act of 1974 as amended

("ERISA"), 29 U.S.C. § 1001, *et seq.* (*See* Compl. ¶¶ 2, 6, 18.)

4.     Plaintiff acknowledges that his claim is brought pursuant to ERISA.

(*See* Compl. ¶¶ 6, 18; Compl. at 5 (praying for "past due long-term disability

benefits pursuant to 29 U.S.C. 1132(a)(1)(b).")

5.     Even if Plaintiff did not explicitly invoke ERISA in bringing suit,

ERISA provides an exclusive federal cause of action for participants or

beneficiaries in an ERISA plan who bring actions related to the recovery of

benefits under employee benefit plans, including the claim for breach of contract

alleged in the Complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63

(1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

6.     As ERISA provides the exclusive remedy for a claim of benefits,

ERISA "completely preempts" any state law claim or remedy based on any

wrongful withholding of benefits promised under an employee benefit plan. *See,*

40889441v.1

*e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a).).

7.     Here, not only does the complaint explicitly allege that it arises under federal law, but a claim filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where the complaint does not on its face allege that it arises under ERISA. *See, e.g., Metropolitan Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court;" "All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

8.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 81(a)(3), this Court embraces the Circuit Court of Lauderdale County, State of Alabama. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

9.     Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with Circuit Court of Lauderdale County, Alabama, and will serve a

40889441v.1

copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d). (State Court filing attached hereto as Exhibit B.)

10.    Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

11.    Prudential submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages they seek may be properly sought).

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Northern District of Alabama. Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

s/Jonathan R. Little

4

One of the Attorneys for Defendant
The Prudential Insurance Company of
America

OF COUNSEL:
Wynn M. Shuford (SHUFW9455)
Bar Number: 9455-F64W
wshuford@lightfootlaw.com
Jonathan R. Little (LITTJ4491)
Bar Number: 4491-Z22F
jlittle@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
(205) 581-0700 (telephone)
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that on September 15, 2017, I electronically filed the foregoing using the Court's CM/ECF method and sent a copy to the below parties via U.S. mail:

R. Willson Jenkins
**WILLSON@JENKINSANDGONCE.COM**
P.O. Box 1061
Florence, AL 35631-1061
(256) 764-3941 - telephone

Respectfully submitted,

s/ Jonathan R. Little

5